UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA HERMAN ) | | |
| ) | Case Number | |
| Plaintiff ) | | |
| ) | | |
| vs. ) | CIVIL COMPLAINT | |
| ) | | |
| PORTFOLIO RECOVERY ) | | |
| ASSOCIATES, LLC ) | JURY TRIAL DEMANDED | |
| A WHOLLY-OWNED ) | | |
| SUBSIDIARY OF PORTFOLIO ) | | |
| RECOVERY ASSOCIATES, INC. ) | | |
| ) | | |
| Defendant ) | | |
| ) | | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Dana Herman, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.      Plaintiff, Dana Herman, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §

201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains an office located in this District.

## III. PARTIES

4. Plaintiff, Dana Herman, is an adult natural person residing at 3022 Briscoe Street, Pittsburgh, PA 15204. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC (Defendant), a wholly-owned subsidiary of Portfolio Recovery Associates, Inc, at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Florida and the Commonwealths of Virginia and Pennsylvania with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

6. Defendant, Portfolio Recovery is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. **FACTUAL ALLEGATIONS**

7. In or around the year 2004, Plaintiff paid in full a debt owed on a Providian National Bank Visa Credit Card account.

8. Immediately after paying the Providian National Bank Visa Credit Card account in full, Providian National Bank mailed Plaintiff a new Visa credit card with a higher balance than the previous credit card.

9. Soon after receiving the new Providian National Bank Visa credit card with a higher balance, it came to Plaintiff's attention that the credit card had been stolen.

10. On or about June 4, 2009, Defendant, Portfolio Recovery Associates filed a complaint in the Court of Common Pleas in Allegheny County against Plaintiff, claiming she owed an alleged debt on a Providian National Bank Visa Credit Card account.

11. Plaintiff was said to owe a balance of approximately $11,815.86.

12. On about July 17, 2009, Defendant, Portfolio Recovery Associates dismissed the action without prejudice.

13. In or around the month of July 2012, Plaintiff began receiving constant collection calls from Defendant to her home collecting on the alleged Providian National Bank Visa Credit Card debt despite the dismissal on July 17, 2009.

14. At that time, Plaintiff informed the Defendant that the account they were calling in regard to has been dismissed because the Plaintiff was not responsible for the charges on the account.

15. Defendant, Portfolio Recovery Associates claimed they have no record of the dismissal and that the Burden of Proof is on the Plaintiff to prove the account was dismissed.

16. On September 25, 2012, Defendant called Plaintiff's work while Plaintiff was out of the office.

17. Defendant spoke to Plaintiff's co-worker demanding to speak to Plaintiff's boss regarding a debt Plaintiff owes.

18. Defendant then continued to leave a voice message for Plaintiff's boss in regards to a debt Plaintiff owes.

19. Despite being informed that the account has been dismissed, the Defendant continued to call Plaintiff's home and work demanding payment be made on the debt as soon as possible.

20. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## **COUNT I – FDCPA**

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Stated that the consumer owes any debt. |
| §§ 1692c(a)(3): | At place of employment when knows that the employer prohibits such communication. |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

    §§ 1692g:    Failure to send the consumer a 30-day validation notice within five days of the initial communication

    §§ 1692g(b):    Collector must cease collection efforts until debt is validated

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

27. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

28. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

29. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

30. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

31. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

32. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

33. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

34. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

35. The foregoing paragraphs are incorporated herein by reference.

36. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

37. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

38. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

    a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

39. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

40. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

     a.     An Order declaring that Defendant violated the UTPCPL;

     b.     Actual damages;

     c.     Treble damages;

     d.     An award of reasonable attorney's fees and expenses and cost of suit; and

     e.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: October 12, 2012**

BY: */s/ Brent F. Vullings BFV8435*
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff